**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOANNE TRAGAS,

          *Petitioner*            CRIM. CASE NO: 09-cr-20023
                                 CIV. CASE NO.: 1:15-cv-11935
*v.*                             DISTRICT JUDGE THOMAS L. LUDINGTON
                                 MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

          *Respondent.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S 28 U.S.C. § 2255 MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 440)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.    REPORT

### A.    Introduction

Petitioner Joanne Tragas's 28 U.S.C. § 2255 motion to vacate her prison sentence  (Mot. to Vacate, Doc. 440), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 444.)

On November 5, 2010, Defendant Joanne Tragas ("Tragas") was found guilty on eleven criminal counts (Doc. 307), including "[o]ne count of conspiracy to commit various access device fraud offenses, in violation of 18 U.S.C. § 1029(b); seven counts of aiding and abetting unlawful activity under the Travel Act, in violation of 18 U.S.C. § 1952(a); one count of bank fraud, in violation of 18 U.S.C. § 1344; and two counts of wire fraud, in violation of 18 U.S.C. § 1343." *United States v. Tragas*, 727 F.3d 610, 613 (6th Cir. 2013). On appeal, Tragas raised issues about

the prosecutor and agent reading evidence aloud in court, the specific wording of unanimity jury instruction used, the sufficiency of the evidence under the Travel Act Counts, violation of the Vienna Convention, and an ex post facto violation at sentencing because the district court used a later version of the sentencing guidelines rather than the one applicable to her sentencing. The Sixth Circuit affirmed her convictions, *id.* at 620, but remanded the case for resentencing because the district court used an amended definition of "victim" that was not applicable at Tragas's sentencing. Tragas was re-sentenced on June 5, 2014, to a total term of 195 months imprisonment, consisting of 78 months on Count 1, 60 months on Counts 2 through 8, and 195 months on Counts 9, 10, and 11, all to be served concurrently. (Doc. 436). In May 2015, she filed the instant motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. 440). For the reasons described below, I recommend denying Petitioner's motion.

### B.     Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir.

2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

### C.    Analysis and Conclusions

The petition states the following under a section entitled "Conclusion":

> In light of these facts the [sic] court should hold an Evidentiary hearing and marshall [sic] the facts, and Further petitioner's sentence should be VACATED or in the alternative petitioner should be allowed to accept any one of three formal offers and plea[d] 'guilty' thereof.

4

(Doc. 440 at 4.) Tragas raises three claims that counsel was ineffective for failing to explore plea proceedings. First, she argues that attorney Charles Busse "was given a formal plea offer on January 13, 2010 (according to the Fax date/stamp) which recommends a 63-78 month sentence by the United States Attorney in Exchange for a guilty plea" and that "[she] was not aware of the formal plea offer until Mr. Busse visited me at the Huron County jail and showed me a copy of the plea, January 29, 2010." (Doc. 440 at ID 3519.) Tragas states that she

> initially expressed her willingness to accept - Counsel was oddly applying improper pressure to accept the plea when we had discussed & paid for Trial, I continued to browse through the plea offer, upon discovering the forfeiture funds of bank of America were not on the Seized items list in the plea agreement, Counsel quickly pulled the plea offer out of defendants hands, Proceeded to offer erroneous legal advice, stating, 'well you didn't do this so I wouldn't plea either, were going to trial anyhow you won't get a lot more time by going to trial, probably 2-3 years higher than the plea deal,' defendant requested Counsel inquire where the seized funds were, since Counsel claimed he was unaware & relay a counter offer of 2-4 years in exchange for a guilty plea.

(*Id.*)[1] Tragas contends that "[h]ad I been advised properly I would have accepted the plea offer of 63-78 months . . . Instead I proceeded to trial and received a 300 month sentence." (*Id.*)

Second, Tragas contends that "[o]n May 6, 2010, Attorney Charles T. Busse advised defendant he had a second formal offer of a higher plea deal, a 188-235 month sentence with a cap of 90 months, If I entered a guilty plea. Two business day's later On May 10th 2010. I declined the plea deal due to the same reasons as outlined in Ground One." (*Id.*)

In her third ground, Tragas asserts that "[a] Third formal plea offer was given to my New Attorney Mr. Leon Weiss of 'Fieger law firm' of 188-235 month sentence. with a cap of 90 months (same as 2nd plea offer, higher restitution) on August 25, 2010, Mr. Weiss made it clear the defendant was to decline the offer because there was no way I would lose at trial. That the Government did

---

[1]"Sic" has not been used to indicate all grammatical errors for ease of reading.

not have a case as they only had circumstantial evidence. Mr. Weiss had stated during a recorded telephone conversation that 'a 7.5 to 8 year plea is a non plea offer, you have no choice but to go to trial.'" (*Id.*)

In her fourth ground, Tragas alleges that her attorneys Busse and Weiss failed to disclose that each had a conflict of interest. Specifically, she argues that Busse had a conflict of interest because he missed a deadline to contest the forfeiture of funds and because attorney Weiss had an interest in seeing the case proceed to trial "for monetary reasons." (Doc. 440 at ID 3520.)

Ground five alleges that the District Court failed to thoroughly investigate the dissatisfaction between Tragas and her retained attorney Busse. Tragas acknowledges that on October 7, 2010, the court "entered an order directing counsel to communicate directly with defendant" but that at the hearing, "Defendants was cut off and not given the opportunity to fully explain, thus the courts failure to fully investigate violated the defendants Sixth Amendment right to counsel." (*Id.*)

Ground six contends that "[b]oth sentencing attorneys, Sheldon Halpern, and Erik Scharf (re-sentencing) failed to object to information in the PSI and guideline range that increased the scope of relevant conduct[,]" specifically the "+2 Level enhancement for gross receipts in excess of $1 million" and "+2 enhancement for 'Role in offence.'" (*Id.*)

Ground seven alleges that the "Government knowingly presented a 'Thumb Drive' in trial, that contained direct evidence against defendant in trial, maintaining that the thumb drive was found in the residence of the defendant" however, "[t]hat thumb drive is NOT listed on the Asset list of items seized from the residence." (Doc. 440 at ID 3521.)

Ground eight contends that her attorneys Busse and Weiss "were asked repeatedly to provide the defendants identification to the The Canadian & Greek Consulates, in order for the Consulates to further identify the Citizenship of the Defendant so they can be of further assistance to defendant" but that they disregarded her requests. (*Id*.)

Ground nine alleges that attorney Busse "failed to give any evidence to the Defendant and or successor attorney Mr. Leon Weiss for trial." (*Id*.)

Ground ten asserts that the "cumulative effects of errors denied defendants a fair trial and violated defendants due process rights." (Doc. 440 at ID 3522.)

Ground eleven refers to "counsel's failure to investigate illegal search & seizure" and ground twelve asserts a "failure to properly prepare, investigate, argue suppression of evidence & appeal." (*Id*.) Tragas adds a list of purported problems, some of which correspond to the grounds listed in her petition. (Doc. 440 at ID 3522-25.)

In her reply, Tragas argues that her counsel was in "possession of a formal plea offer, since January 13, 2010, but failed to disclose the plea to petitioner, until January 29, 2010, some either day's AFTER the plea cut off deadline had already expired" and that the "former offer had already expired on January 20, 2010 at 12:00 noon." (Doc. 456 at ID 3687.) According to the docket entries, Charles Busse would have been Tragas's counsel at this time. Tragas further argues that she

> on her own accord showed interest in accepting the formal plea offer. Counsel went from having absolutely no interest in even entertaining the plea to suddenly applying improper pressure to accept the plea, going as far as sexually harassing petition[er], by way of stroking petitioners thigh stating, 'I wish I would have met you outside of this place, we would be drinking champagne together' . . . . Upon petitioner discovering that the seized funds . . . were not on the forfeiture list of the formal plea offer, petitioner questioned counsel

> as to the whereabouts of the funds, counsel answered 'I don't know' with a shrug, whilst petitioner was instructing counsel to communicate with the government and 1. inquire as to where the seized funds were. 2. Inquire if there was any room for bargaining and if so to relay my counter offer. 3. Arrange for the government, petitioner and counsel to meet in person to discuss the plea/case. Counsel Busse simultaneously pulled the plea out from petitioners hands and proceeded to offer erroneous advice . . . .

(*Id.*) Tragas also argues that she did not review the discovery in the case until "twenty-two (22) day's AFTER petitioner rejected the plea 11." (Doc. 456 at 3689.)

Tragas "is fully aware that the mention of sexual harassment endured by counsel would not be a basis for relief [but that she] was merely displaying to the court to what extent and degree of prejudice petitioner was exposed to due to counsels desperation to further conceal his conflict of interest due to the missed deadline of the forfeiture of funds." (Doc. 456 at 3687.) Tragas cites a "jail house recorded call" with counsel Busse wherein he "can be heard confessing that he missed certain deadlines to contest the forfeiture of funds[.]" (*Id.*)

Tragas attempts to distinguish that "the governments claim that counsel failed to convey a plea offer that petitioner was inclined to accept has been misconstrued on the governments end" and that instead, the "actual issue is, the formal plea was in fact favorable, yet was conveyed to petitioner AFTER the offer had lapsed and on advise [sic] of counsel, was rejected." (Doc. 456 at 3689.) Tragas also states that in her 2255 motion, "she was merely attempting to show the court her eagerness to co-operate with the government and come to some kind of plea agreement favorable to both parties, from the onset of her arrest by showing the court the petitioners two signed proffer agreements, signed just 11 day's after petitioners arraignment" *i.e.*, "August 17, 2009 and August 22, 2009." (Doc. 456 at 3688.)

**1.     Grounds, other than ineffective assistance of counsel, not raised on appeal (grounds 5 and 7)**

Ground five alleges that the District Court failed to thoroughly investigate the dissatisfaction between Tragas and her retained attorney Busse. Tragas acknowledges that on October 7, 2010, the court "entered an order directing counsel to communicate directly with defendant" but that at the hearing, "Defendants was cut off and not given the opportunity to fully explain, thus the courts failure to fully investigate violated the defendants Sixth Amendment right to counsel." (*Id.*) Ground seven alleges that the "Government knowingly presented a 'Thumb Drive' in trial, that contained direct evidence against defendant in trial, maintaining that the thumb drive was found in the residence of the defendant" however, "[t]hat thumb drive is NOT listed on the Asset list of items seized from the residence." (Doc. 440 at ID 3521.)

I recommend treating these claims as waived because Tragas cannot make the threshold showing needed to resuscitate them: petitioners waive claims they failed to litigate on appeal unless "the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). As to her claim that the court should have looked further into her dissatisfaction with her counsel, Tragas received the assistance of five different retained attorneys and two court-appointed attorneys. Tragas alleges that her displeasure was with attorney Busse and then references the court order of October 2010. However, Tragas retained Mr. Weiss and on August 24, 2010, the court allowed Attorney Weiss to substitute for attorney Busse. (Doc. 270.) Therefore, on October 7, 2010, when the court ordered defense counsel to communicate with Tragas because the court had received a letter from Tragas expressing her displeasure with counsel, the relevant counsel would have been attorney Weiss, not Busse. (Doc. 296.) Regardless, the

court's role is to assure that Defendants are represented, and to appoint counsel if a defendant cannot afford counsel. It is not the court's duty to assure that each Defendant is pleased with his or her retained counsel. This ground does not allege a fundamental defect which results in a miscarriage of justice and therefore, is waived.

As to her claim that government improperly contended that a thumb drive, presented in evidence at trial, was found at her residence when it was not on an asset list, I also recommend that this ground be considered waived for failure to argue it on appeal. Tragas does not argue that the thumb drive was not hers and thus, she has not alleged any defect, let alone a fundamental defect that could possibly result in a miscarriage of justice.

Accordingly, I recommend that grounds five and seven of the motion to vacate sentence be denied.

### 2. Ineffective assistance claims

#### a. Plea negotiations (grounds 1, 2, and 3)

In the context of plea offers, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. . . . When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012).

In order to satisfy the prejudice requirement under *Strickland*, petitioners must "demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S. Ct. at 1409; *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

> [Petitioners] must also demonstrate a reasonable probability the plea
> would have been entered without the prosecution canceling it or the
> trial court refusing to accept it, if they had the authority to exercise
> that discretion under state law. To establish prejudice in this instance,
> it is necessary to show a reasonable probability that the end result of
> the criminal process would have been more favorable by reason of a
> plea to a lesser charge or a sentence of less prison time.

*Frye*, 132 S.Ct. at 1409.

> Although some circuits have held that a defendant must support his
> own assertion that he would have accepted the offer with additional
> objective evidence, . . . we in this circuit have declined to adopt such
> a requirement. . . . Nevertheless, it has been held, as the district court
> recognized, that a substantial disparity between the penalty offered by
> the prosecution and the punishment called for by the indictment is
> sufficient to establish a reasonable probability that a properly
> informed and advised defendant would have accepted the
> prosecution's offer.

*Dedvukovic v. Martin*, 36 F. App'x 795, 798 (6th Cir. 2002). Tragas's claim that attorney Busse

failed to inform her of a favorable plea offer, one recommending a 63-78 month sentence, until

after the time period had expired to accept the offer arguably meets the first requirement of an

ineffective assistance claim. *Frye, supra.* However, I suggest that even accepting all Tragas's

allegations as true, she cannot establish that she was prejudiced. After being informed of the plea,

instead of communicating a desire to accept the plea, Tragas alleges that she wanted her lawyer

to relay her counter offer of 2-4 years. (Doc. 440 at ID 3519.) Therefore, Tragas is defeated by her

own words and is unable to "demonstrate a reasonable probability" that she "would have accepted

the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S. Ct. at

1409. Although Tragas now states that she would have taken the plea if she had been properly

advised, her recitation of the facts and her state of mind at the time of the offer, which is the

relevant point in time, belie that contention.

The next two plea offers were communicated to Tragas within the period during which she could have accepted each of the pleas, they both included a proposed sentence of 188-235 months incarceration, but, as she states, she "declined" the offers. (Doc. 440 at ID 3519.) Tragas does not allege that she told her attorney that she wanted to accept either of the plea offers.[2] Under these circumstances, I suggest that Tragas cannot meet the prejudice requirement.

I therefore recommend that the motion to vacate sentence be denied as to grounds 1, 2, and 3.

### b. Other grounds (4, 6, 8, 9, 10 and 11)

In her fourth ground, Tragas alleges that her attorneys Busse and Weiss failed to disclose that each had a conflict of interest. Specifically, she argues that Busse had a conflict of interest because he missed a deadline to contest the forfeiture of funds and because attorney Weiss had an interest in seeing the case proceed to trial "for monetary reasons." (Doc. 440 at ID 3520.) Neither missing deadlines nor having a desire to get paid for the hours spent in trial reveal conflicts of interest. Tragas has not alleged, for instance, that either of her attorneys were subject to a criminal investigation, *Taylor v United States*, 985 F.2d 844, 846 (6th Cir. 1993), or that counsel represented more than one defendant in the same case, *Jalowiec v. Bradshaw*, 687 F.3d 293, 317 (6th Cir. 2011). I therefore suggest that the motion to vacate sentence be denied on this ground.

Ground six contends that sentencing attorney Sheldon Halpern "failed to object to information in the PSI and guideline range that increased the scope of relevant conduct[,]"

---

[2]Although Tragas states that with respect to the third plea offer, attorney Weiss advised her there was no way she could lose at trial, the government proffers an affidavit from attorney Weiss wherein he attests that such statement is a "blatant falsehood." (Doc. 449 at ID 3664.) Attorney Weiss told Tragas that he would present the best defense possible but 'strongly suggested that the plea offer was reasonable, given the almost certainty of conviction." (Doc. 449 at ID 3665.) Even if Tragas's version of these events were believed and she could arguably meet the ineffective assistance prong, she cannot meet the prejudice prong of the test for the reason stated above.

specifically the "+2 Level enhancement for gross receipts in excess of $1 million" and "+2 enhancement for 'Role in offence.'" (*Id*.) Originally, Tragas also included attorney Scharf, her attorney at the resentencing, in this allegation, but she later asked the court to 'eliminate his name from that claim." (Doc. 454 at ID 3682.) The sentencing transcript shows that attorney Halpern objected to the amount of over one million dollars in wire transfers and gross receipts, arguing that some were made to Tragas's family for legitimate purposes. (Doc. 368 at ID 2911-17.) However, the objection was withdrawn and Tragas did not protest the withdrawal of the objection. (Doc. 368 at 2913-14.) As to Tragas's role in the offense, at sentencing her attorney objected to an enhancement for being a manager or supervisor of the activity (3 level increase) and to the enhancement for a substantial part of the scheme being committed outside the United States (2 level increase) but eventually withdrew the objections.  (Doc. 368 at ID 2920, 2918, 2923.) Defense counsel made the objections but withdrew them after hearing the arguments and evidence presented at the sentencing hearing. This does not show ineffective assistance of counsel but rather tempered zealousness. Consequently, I suggest that the motion to vacate be denied on this ground as well.

Ground eight contends that her attorneys Busse and Weiss "were asked repeatedly to provide the defendants identification to the The Canadian & Greek Consulates, in order for the Consulates to further identify the Citizenship of the Defendant so they can be of further assistance to defendant" but that they disregarded her requests. (*Id*.) Since Tragas has not argued, nor could she argue, how this prejudiced her defense, the motion to vacate should be denied on this ground as well.

Ground nine alleges that attorney Busse "failed to give any evidence to the Defendant and or successor attorney Mr. Leon Weiss for trial." (*Id.*) In his affidavit, attorney Weiss indicates that at the time he signed the affidavit, he could not locate the file in his office due to storage system changes but he does not state that he was deprived of any portions of the file. (Doc. 449 at ID 3666.) I therefore suggest that this ground is not likely to be true, and even if it were, there is no allegation as to how that prejudiced Tragas's defense in any way. I therefore suggest that the motion to vacate be denied as to this ground.

Ground ten asserts that the "cumulative effects of errors denied defendants a fair trial and violated defendants due process rights." (Doc. 440 at ID 3522.) Since none of the alleged errors have established a fundamental defect, I suggest that the motion be denied on this ground as well.

Ground eleven refers to "counsel's failure to investigate illegal search & seizure" and ground twelve asserts a "failure to properly prepare, investigate, argue suppression of evidence & appeal." (*Id.*) Tragas adds a list of purported problems, some of which correspond to the grounds listed in her petition. (Doc. 440 at ID 3522-25.) Counsel did file a motion to suppress (Doc. 142), a hearing was held, and the motion was denied. (Doc. 188.) Counsel was not ineffective simply because the motion was not successful. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). I therefore suggest that the motion be denied on this ground as well.

### D.   Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States

> attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Tragas is not entitled to a hearing on the allegations raised in his motion.

### E.    Conclusion

For the reasons set forth above, I recommend that the Court deny Tragas's motion to vacate sentence in its entirety.

## III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 18, 2016

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## <u>CERTIFICATION</u>

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: March 18, 2016                    By s/Kristen Krawczyk

                                         Case Manager to Magistrate Judge Morris