UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOANNE TRAGAS,

          Petitioner.                      Case No. 09-cr-20023

v.                                            Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

          Respondent,
_____/

**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS, DENYING MOTION TO APPOINT COUNSEL, AND DENYING MOTION TO COMPEL DISCOVERY**

On May 22, 2015, Petitioner Joanne Tragas filed a motion to vacate her sentence under 28 U.S.C. § 2255. ECF No. 440. On March 18, 2016, Magistrate Judge Patricia T. Morris issued a report recommending that Tragas's motion be denied in its entirety. ECF No. 466. In lieu of objecting to the report and recommendation, Tragas filed two motions on April 6, 2016. The first motion asked the Court to appoint counsel and requested a 60 day extension of Tragas's deadline to file objections to the report and recommendation. ECF No. 467. The second motion asked the Court to compel one of Tragas's former attorneys, Mr. Busse, to give Tragas her case file and also sought extensive discovery from the Government. ECF No. 468. On May 20, 2016, the Court denied Tragas's motion for appointment of counsel, held Tragas's request for an extension of time to file objections in abeyance pending resolution of her motion to compel, and directed the Government to respond to Tragas's motion to compel. ECF No. 469.

The Government responded on June 3, 2016. ECF No. 470. In the response, the Government argued that Tragas's motion to compel was not a proper substitute for objections to the Magistrate Judge's report and recommendation and that the Government had no power to

require Tragas's attorney to produce her case file. The Government further argued that Tragas was attempting to engage in a line of inquiry and argumentation that was procedurally foreclosed.

On June 23, 2016, Tragas replied to the Government's response. She noted that she had requested an extension of time to file objections and asserted that her motion to compel was meant to "further substantiate her claims in her 2255 motion." ECF No. 473 at 1. Tragas's reply asserted that the discovery sought was specifically relevant because it would aid Tragas in litigating a Fourth Amendment claim.

## I.

Petitioners preparing or litigating a motion under § 2255 have "no automatic right to discovery." *United States v. Gabor*, No. 1:10CR387, 2015 WL 3540058, at *2 (N.D. Ohio June 4, 2015). Rather, under the Rules Governing Section 2255 Cases, "[a] party requesting discovery must provide reasons for the request." Rule 6(b), http://www.uscourts.gov/file/rules-governing-section-2254-and-section-2255-proceedings. "[I]t is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. *Gabor*, 2015 WL 3540058, at *2. The moving party bears the "burden of demonstrating the materiality of information requested." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A petitioner cannot seek discovery merely to conduct a "fishing expedition." *Id. See also Bracy v. Gramley*, 520 U.S. 899, 908 (1997) (explaining that "good cause" for discovery exists when the petitioner has provided specific allegations which give the court reason to believe that the petitioner would be entitled to relief if the facts were fully developed) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Tragas's motion to compel production of her case file will be denied. Regardless of whether Tragas is entitled, in general terms, to her case file, the Mr. Busse's records are not materially relevant to her current motion for relief under § 2255. Mr. Busse first appeared as Tragas's counsel on October 6, 2009. ECF No. 118. On August 24, 2010, Mr. Busse was substituted out as counsel for Tragas. ECF No. 270. He did not represent Tragas at the final pretrial conference, at trial, or on appeal. Mr. Busse represented Tragas for only one potentially relevant proceeding: a motion to suppress evidence. In Tragas's reply to the Government's response, ECF No. 473, she asserts that the case file is necessary to substantiate her Fourth Amendment claim regarding seizure of a thumb drive from her home. However, as the Government notes, Tragas cannot seek habeas corpus relief on the "ground that evidence obtained in an unconstitutional search or seizure was introduced at [her] trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). More importantly, her claim regarding the thumb drive appears to focus on Attorney Weiss's decision not to challenge the admission of drive. *See* Pet. Reply Br. at 2, ECF No. 473. Thus, Tragas is seeking a case file from an attorney who did not make the allegedly ineffective decision she is now challenging. The remaining reasons that Tragas offers for needing the case file are speculative. She has not provided any specific reasons for the Court to conclude that, should the case file be provided, Tragas would be entitled to relief. *See United States v. Brock*, No. CR 6:12-53-DCR, 2016 WL 3079795, at *2 (E.D. Ky. May 31, 2016) (rejecting a petitioner's renewed request for a case file for lack of specificity regarding the documents sought); *Kelley v. United States*, No. 1:08-CR-51, 2014 WL 2921821, at *2 (E.D. Tenn. June 27, 2014) (rejecting petitioner's request for documents from his attorney's case file because the requests lacked specificity regarding what the petitioner expected to find). Tragas's motion to compel production of the case file will be denied.

To the extent Tragas requests documents, exhibits, and other discovery from the Government, that request will also be denied. Tragas has not offered specific reasons why that discovery will materially aid her in litigating the § 2255 motion for relief. To the extent she does reference particular reasons, they all involve Fourth Amendment evidentiary claims which, as already mentioned, are not cognizable on § 2255 review. The absence of non-speculative reasons for the discovery indicates that Tragas is on a fishing expedition. Accordingly, her motion to compel discovery will be denied.

**II.**

Because Tragas's motion to compel will be denied, the Court may now reach her motion for an extension of time to file objections, previously held in abeyance. Although the case file she seeks from Mr. Busse is not relevant to her claims, she did request the extension within a reasonable amount of time after the report and recommendation was issued. In order to allow Tragas a full opportunity to make objections to the report and recommendation, her extension will be granted in part. Tragas will be given a renewed period of fourteen days to make objections.

**III.**

Accordingly, it is **ORDERED** that Tragas's motion to compel discovery, ECF No. 468, is **DENIED.**

It is further **ORDERED** that Tragas's motion for an extension of time is **GRANTED IN PART**, and Tragas's Motion to Appoint Counsel is **DENIED**, ECF No. 467**.**

It is further **ORDERED** that Tragas is directed to file any objections to the Magistrate Judge's report and recommendation by **December 12, 2016**.

- 5 -

Dated: November 28, 2016                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2016.

                        s/Michael A. Sian
                        MICHAEL A. SIAN, Case Manager