UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                                   Case No. 09-cr-20023-10

v.                                                             Honorable Thomas L. Ludington

D-10, JOANNE TRAGAS,

    Defendant-Petitioner.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE, DENYING
CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED
IN FORMA PAUPERIS**

On May 22, 2015, Petitioner Joanne Tragas filed a motion to vacate her sentence under 28 U.S.C. § 2255. ECF No. 440. On March 18, 2016, Magistrate Judge Patricia T. Morris issued a report recommending that Tragas's motion be denied in its entirety. ECF No. 466. In lieu of objecting to the report and recommendation, Tragas filed two motions on April 6, 2016. The first motion asked the Court to appoint counsel and requested a 60 day extension of Tragas's deadline to file objections to the report and recommendation. ECF No. 467. The second motion asked the Court to compel one of Tragas's former attorneys, Mr. Busse, to give Tragas her case file and also sought extensive discovery from the Government. ECF No. 468. On May 20, 2016, the Court denied Tragas's motion for appointment of counsel, held Tragas's request for an extension of time to file objections in abeyance pending resolution of her motion to compel, and directed the Government to respond to Tragas's motion to compel. ECF No. 469. After reviewing the Government's response, the Court concluded that the discovery Tragas was seeking was irrelevant to the claims advanced in her habeas petition. Accordingly, the Court denied her motion to compel discovery, but granted her an extension of time to file objections. ECF No.

482. Tragas timely filed objections. ECF No. 483. For the reasons stated below, the objections will be overruled and the report and recommendation will be adopted.

I.

In her motion to vacate her sentence under § 2255, Tragas advances twelve grounds for relief. In the first three grounds, Tragas argues that her trial counsel was ineffective during plea negotiations. Mot. Vacate at 2, ECF No. 440, Page ID 3519. In the fourth ground, Tragas argues that her trial counsel improperly failed to inform the Court of a conflict of interest. In ground five, Tragas faults the Court for failing to thoroughly investigate the dissatisfaction she had with her retained attorney prior to trial. In ground six, Tragas argues that her attorneys at sentencing failed to object to erroneous enhancements and inaccurate guideline calculations. In ground seven, Tragas argues that the Government knowingly utilized falsified evidence, in the form of a thumb drive allegedly seized from her residence, at trial. In ground eight, Tragas asserts that her attorneys were ineffective because they failed to inform the Canadian and Greek consulates that Tragas was facing charges. In ground nine, Tragas contends that one of her attorneys destroyed evidence or failed to provide Tragas's next attorney with certain evidence. In the tenth ground for relief, Tragas asserts that the cumulative effects of errors denied her a fair trial. In ground eleven, Tragas argues that her trial counsel should have investigated an illegal search and seizure of her bank account. Finally, Tragas contends that her trial counsel did not properly prepare for or investigate her case. In particular, she asserts that her counsel refused to file a motion to suppress evidence.

II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must

be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Tragas has filed twenty-five pages of objections. She appears to object, in general terms, to Judge Morris's analysis of each of her grounds for relief. But the objections are presented in

narrative form and, for the most part, do not identify the specific reasoning in the report and recommendation that is being objected to. As explained above, non-specific objections do not trigger de novo review. However, because Tragas is representing herself, her objections will be construed liberally. To the extent possible, they will be addressed in turn.

**A.**

In her first objection, Tragas takes issue with Judge Morris's recommendation that her fifth and seventh claims be dismissed for failure to raise them on appeal. As Judge Morris explained, issues which were not raised on appeal are waived unless the "alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) (quoting *Reed v. Farley*, 114 S. Ct. 2291, 2300 (1994)). In her objections, Tragas simply reiterates the substance of her claims in grounds five and seven. As to ground five, Tragas argues that the Court improperly failed to inquire into her degenerating relationship with her attorney, Mr. Weiss. Throughout her case, Tragas received the assistance of five different retained attorneys and two court-appointed attorneys. Needless to say, Tragas frequently expressed displeasure with her representation. But, by Tragas's own representation, the Court gave Tragas an opportunity, on the record, to discuss her frustrations with Mr. Weiss. *See* Objs. at 2. After Tragas indicated that she was unhappy with Mr. Weiss's representation, the Court directed Mr. Weiss to discuss the issue privately with Tragas. Afterwards, Tragas did not reassert her objection. Now, Tragas argues that this was because she was intimidated by the Court. But even if that is true, Tragas has not shown that the Court's investigation was so deficient as to constitute a complete miscarriage of justice. Likewise, she has not demonstrated that any communication difficulties between Tragas and Mr. Weiss caused actual prejudice to her.

Similarly, the argument Tragas advances regarding her seventh ground for relief is meritless. In this ground, Tragas argues that the Government offered a thumb drive which was illegally seized from her home as evidence at trial. However, Tragas cannot seek habeas corpus relief on the "ground that evidence obtained in an unconstitutional search or seizure was introduced at [her] trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). For that reason, this ground must also be dismissed.[1]

**B.**

Next, Tragas turns her attention to Judge Morris's analysis of her first three grounds for relief, which allege that her trial counsel was ineffective during plea negotiations. Defendants are entitled to effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). As in all ineffective assistance of counsel challenges, the familiar *Strickland v. Washington* test applies. *Id.* (citing 466 U.S. 668). First, the defendant must show "that the counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 at 688. Second, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Tragas is arguing that, but for the ineffective assistance of her trial counsel, she would have entered a plea. In this context, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its

---

[1] It should further be noted that Tragas is not arguing that she is innocent of the charges she was convicted of. Rather, in the § 2255 motion, Tragas is arguing that, but for the ineffective assistance of her trial counsel, she would have accepted a plea offer. For that reason, even if the thumb drive had been improperly admitted at trial, that could not reasonably be construed as a miscarriage of justice. Accordingly, this argument was waived by failure to raise on appeal.

terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012).

Here, Tragas alleges that her counsel, Mr. Busse, received a plea offer from the Government on January 12, 2010. Objs. at 5. Under the offer, Tragas would serve a 63-78 month sentence. According to Tragas, the deadline to accept the plea was January, 20, 2010, but Mr. Busse did not notify Tragas of the offer until January 29, 2010.[2] On its face, this is sufficient to allege that Mr. Busse's representation was deficient. As explained above, Mr. Busse had a duty to communicate the plea offer to Tragas and allegedly did not do so within the deadline to accept.

However, even accepting Tragas's allegations as true, she has not alleged facts which would suggest that she was prejudiced by Mr. Busse's delay in relaying the plea offer. She does not contend that she sought to accept the plea offer but was rebuffed because the offer had lapsed. Rather, Tragas contends that her counsel repeatedly told her that, if she proceeded to trial and lost, she would receive only 2 or 3 more years of prison time.[3] Based on that representation, Tragas asserts, she rejected the plea offer (and instructed her attorney to communicate a counteroffer of 2-4 years of prison time).

---

[2] Later, when Mr. Weiss was her attorney, Tragas was allegedly twice offered a plea arrangement which would have resulted in a 188-235 month sentence. According to Mr. Weiss, the offer was for a sentence of 90 months. Weiss Aff. at 1, ECF No. 449, Ex. 4. Regardless, both offers were communicated to and rejected by Tragas. Tragas contends that she rejected those later plea offers on the advice of her attorney. Mr. Weiss "categorically" denies that assertion. Weiss Aff. at 5. Rather, he asserts that he "implored her to accept the offer but she made her own decision." *Id.*

[3] In her motion to vacate, Tragas also asserts that her counsel originally applied "[i]mproper pressure to accept the plea." Mot. Vacate at 2. Tragas does not attempt to reconcile that assertion with her other assertions that her counsel suggested that she should not accept the plea offer.

But, at the second final pretrial conference, Judge Binder discussed Tragas's rejection of the plea offers with her:

> [The Court:] Ms. Tragas, your lawyer says that the – that the government has offered to – a plea agreement to what I would presume to be some of the charges but not all of them. Is that correct?
>
> The Defendant: That's correct.
>
> The Court: I would presume that the plea agreement would involve the dismissal of some of the charges that are made against you. Is that right?
>
> The Defendant: Yes. That's correct.
>
> The Court: Some of those charges – some of the charges against you have very lengthy maximum penalties, I remember from the – from the indictment: twenty to thirty years and things of those nature. If the government is offering those – offering to dismiss some or all of those charges, you could make an argument that it's in your best interest to seriously consider accepting the plea agreement. Do you –
>
> The Defendant: I have seriously considered it, your Honor, and I don't view it, considering what I have lost – and I am not putting it into materialistic values: more emotional and my family and everybody else that will go down with this. I don't have any other way to explain it, but I have to – I cannot sign something that is not me.
>
> The Court: All right.
>
> The Defendant: I have to fight till the end.
>
> . . .
>
> The Court: I merely want to make sure that you understand that – the potential consequences of a . . . guilty finding by a jury . . . could be – could be very serious and – and very – potentially a very lengthy imprisonment.
>
> The Defendant: Probably one of the hardest decisions I ever had made was – was today, and I have to go with – with what I believe. . . . Had the offer been a little bit more – I don't know what word I'm looking for – I might have even considered just to take it back to my son and family even quicker and taken the losses, although I've worked very hard, and this white hair did not come from just sitting in a chair.

The Court: Well, ma'am, it is clear to me that – that you have given this matter thought and you've – your lawyer says you and he have discussed this on more than one occasion.

The Defendant: Yes, we have.

The Court: Okay.

Final Pretrial Conference Tr. at 4–6, ECF No. 293.

Later during the conference, the Government informed the Court of plea discussions previously engaged in with Tragas:

[The Government:] As the Court has already explained to the defendant, she is taking a gamble, I -- I think, and – and because I anticipate that her sentence upon conviction could be measured in decades rather than months, I'd like to just slightly elaborate on the record that this defendant initially had two attorneys in Florida. When she first came to the United States, she was represented by Charles Chamberlain. She felt it appropriate to dismiss him. Then she was briefly represented by Shawn Sutton, followed by Charles Busse, who represented her for, I believe, close to a year, and I can represent to the Court that I have reason to believe that she and Mr. Busse -- the defendant and Mr. Busse had numerous conversations regarding the plea offer.

The same plea offer has been essentially before her since at least the early part of this year. She rejected the offer then. I believe not only did she have multiple conversations with Mr. Weiss, who is again an attorney that she has retained, but also that those conversations were not brief. They were lengthy conversations, including, according to what I understand from Mr. Weiss, virtually over six hours this weekend in -- in the Huron County Jail.

I just want, for the record, since I'm the one who gets to deal with 2255 down the road, to -- to have it memorialized that this is indeed a decision she's knowingly and intentionally made on advice of -- after consultation with numerous qualified attorneys.

*Id.* at 7–8.[4]

All available evidence belies Tragas's current, self-serving assertion that she would have accepted the plea offer but for ineffective representation by her counsel. At the final pretrial conference, the Court informed Tragas that, if convicted at trial, she would face a substantially

---
[4] The Government was represented by Janet Parker.

- 8 -

greater period of incarceration than if she pleaded guilty. Tragas acknowledged that she understood that fact and expressed no surprise at the idea that, if convicted at trial, she might face twenty or thirty years of imprisonment. Tragas further asserted that she had given the decision significant thought. Finally, Tragas confirmed that she had discussed the plea offers with her attorney on several occasions. Anticipating the possibility that Tragas might regret going to trial, the Government took efforts to explain that Tragas's rejection of the plea offer had been knowing and voluntary. At no time during the final pretrial conference did Tragas express dissatisfaction with how her attorney had handled the plea negotiations. She expressed no surprise or objection when the Court and Government emphasized that going to trial was a gamble and that Tragas would likely be incarcerated for decades if found guilty. Given this context, Tragas's counteroffers and rejections during plea negotiations do not appear to have been based on misinformation provided by counsel.

Rather, Tragas's representations at the final pretrial conference indicate that she was well aware that conviction at trial would result in a significantly higher sentence. Her revisionist history is insufficient to establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Tragas's first three grounds for relief will be rejected.[5]

**C.**

---

[5] In her objections, Tragas spends pages arguing that her counsel was ineffective for failing to properly investigate her case. She asserts that these alleged failures by her counsel prevented her from making "an informed decision of whether to plead guilty or to proceed to trial." Objs. at 9. As discussed above, even if true, Tragas has not demonstrated that she was prejudiced by any such failures of her counsel. In several places in her objections, Tragas also asserts that she might have been found not guilty at trial if her counsel had properly investigated. Tragas did not make that argument initially in her motion to vacate. And, more importantly, that argument is inconsistent with the assertion that, but for ineffective assistance of counsel, she would have pleaded guilty. Tragas's repeated request that she be allowed to retroactively accept the first plea offer she was given is inconsistent with an argument that she should have been acquitted at trial. Thus, to the extent her counsel may have inadequately investigated the case or represented Tragas at trial (which is dubious), there does not appear to have been any prejudice to Tragas.

Tragas's fourth ground for relief, wherein she asserts that Mr. Busse and Mr. Weiss had conflicts of interest, will likewise be dismissed. Tragas "has the burden of demonstrating that counsel's activity represented conflicting interests and that an actual conflict of interest adversely affected [her] lawyer's performance." *Taylor v. United States*, 985 F.2d 844, 846 (6th Cir. 1993). The Sixth Circuit "has rejected a *per se* rule as to conflicts of interest and requires proof of an actual conflict." *Id.* (emphasis in original).

Tragas asserts that Mr. Busse failed to challenge the forfeiture of funds in a timely manner and thus had a conflict of interest. But there is no indication that Mr. Busse's failure was intentional. Rather, Tragas simply argues that Mr. Busse admitted his failure to her and then attempted to convince Tragas to accept the guilty plea. She believes he wanted her to plead guilty in order to conceal his missteps regarding the forfeiture. *See* Objs. at 12–14. Because Tragas did not accept the guilty plea, she cannot reasonably argue that she was prejudiced by Mr. Busse's actions (especially because Tragas was eventually convicted and thus would not have been entitled to recovery of the forfeited funds).

Tragas further asserts that Mr. Weiss had a conflict of interest because "it was to his benefit to actually go to trial for monetary reasons." Mot. Vacate at 4. Retained attorneys, by definition, represent their clients in hopes of receiving compensation for their time. As such, the mere fact that Tragas and Mr. Weiss had agreed upon a fee for representation is not evidence of a conflict of interest. Tragas asserts that Mr. Weiss pressured her into proceeding to trial, but as discussed above, there is no evidence to substantiate that claim. Tragas's allegations do not provide any reason to believe that Mr. Weiss's desire for payment "adversely affected his . . . performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

Grounds six and eight were both rejected by the Sixth Circuit upon direct review. *See United States v. Tragas*, 727 F.3d 610, 619–20 (6th Cir. 2013). Generally, a § 2255 motion cannot be used to "relitigate an issue that was raised and considered on direct appeal." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Tragas has provided no justification for departing from that rule here.

Alternatively, and to the extent the Sixth Circuit declined to address all arguments Tragas now makes in ground six, she is not entitled to relief. In ground six, Tragas argues that her counsel at sentencing refused to make several objections to the sentencing guideline calculations. A review of the docket indicates that Tragas's counsel did, in fact, assert the objections which she identifies. But, as Tragas admits, the objections were withdrawn at the resentencing hearing. Objs. at 17. Tragas did not object to that withdrawal at the time, and there is no indication that the withdrawal constituted ineffective assistance of counsel. In fact, as the Government asserts in its response brief, Tragas's decision to withdraw the objections appears to have been a calculated decision meant to "obviate the need for a *de novo* sentencing hearing" and which resulted in a reduced sentence. Gov. Resp. at 7–8 (emphasis in original).

Tragas's ninth ground for relief is likewise meritless. Therein, she argues that Mr. Busse collected evidence provided to him during the prosecution but either destroyed the evidence or failed to provide it to Mr. Weiss. In her objections, Tragas appears to argue that Mr. Busse conspired to deprive Tragas of all potentially exculpatory evidence. This contention is facially implausible.[6] More importantly, there is no indication that Tragas was prejudiced by the alleged destruction or loss of any of this evidence. At best, the evidence might have been relevant to Tragas's argument that she was only a minor participant in the conspiracy. *See* Objs. at 21. But,

---

[6] In fact, Mr. Weiss does not contend in his affidavit that he was deprived of any relevant evidence. *See* Weiss Aff. at 3. He does concede some current difficulty in locating the Tragas file due to the passage of time. *Id.* But that assertion implicitly confirms that Mr. Weiss had access to the file at the time of trial.

as explained above, Tragas's attorneys at sentencing made the strategic decision to withdraw that objection, meaning she was not prejudiced by the absence of any corroborating evidence.

In ground ten, Tragas asserts that the cumulative effect of errors denied her a fair trial. None of Tragas's individual assertions of error have merit. She has not provided convincing evidence that her attorneys provided ineffective representation. Even if they had, there is no indication that Tragas was prejudiced by their representation, considering the extensive evidence of guilt and Tragas's determination to proceed to trial. Tragas cannot establish "any errors to cumulate" and thus her cumulative error claim will be dismissed. *See U.S. v. Bankston*, 820 F.3d 215, 234 (6th Cir. 2016).

In Tragas's eleventh ground for relief, she asserts that her counsel failed to investigate and challenge a search and seizure. Specifically, she believes that investigators improperly accessed her bank account. This claim is a transparent attempt to litigate the admissibility of bank records after the fact. But as explained above, Tragas cannot seek habeas corpus relief on the "ground that evidence obtained in an unconstitutional search or seizure was introduced at [her] trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).

In ground twelve, Tragas attempts to argue that her attorneys did not adequately prepare for essentially every stage of proceedings. She provides approximately three pages of conclusory examples. *See* Mot. Vacate at 5–8. For examples, she faults her trial counsel for the following:

-Failure to allow defendant to testify

-Failure to present defense chosen

-Failure to notify the court when differences arise between defendant and counsel

-Failure to call witnesses; In General, Character, Critical, or Expert Witnesses

-Failure to interview prosecution witnesses

-Failure to request a mistrial

-Failure to make objection specifically requested by the defendant

Mot. Vacate at 7.

Tragas's claims in count twelve are thus vague and conclusory. At the level of detail provided, they cannot be meaningfully considered or addressed.[7] Because Tragas has provided no non-conclusory indications in ground twelve that her counsel was ineffective, it will be dismissed.

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

---

[7] Tragas does contend that Mr. Busse refused to inquire whether Tragas's co-Defendants wished to join in her motion to suppress. Even if true, there is no indication that Tragas's attempts to suppress evidence were prejudiced by the lack of support from her co-Defendants.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner Tragas's objections to the report and recommendation, ECF No. 483, are **OVERRULED.**

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 466, is **ADOPTED.**

It is further **ORDERED** that Petitioner Tragas's motion to vacate her sentence under 28 U.S.C. § 2255, ECF No. 440, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: May 16, 2017          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager