UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 09-20023-10

v.                                             Honorable Thomas L. Ludington

D-10, JOANNE TRAGAS,

        Defendant.
_____/

**ORDER DENYING WITH PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND FURTHER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF, APPOINTMENT OF COUNSEL AND ORDER OF TRANSCRIPTS AND DISCOVERY AS MOOT**

On November 5, 2010, a jury convicted Defendant Joanne Tragas of one count of conspiracy to commit access device fraud, in violation of 8 U.S.C. § 1029(b)(2); one count of bank fraud, in violation of 8 U.S.C. §§ 2 and 1344; two counts of wire fraud, in violation of 18 U.S.C. §§ 2 and 1343; and seven counts of aiding and abetting unlawful activity under the Travel Act, in violation of 8 U.S.C. §§ 2 and 1952(a)(1) and (3). Defendant was ultimately sentenced to 195 months incarceration and ordered to pay $2,179,585.16 in restitution. ECF No. 436. Defendant is currently housed at Federal Correctional Institution, Aliceville ("FCI Aliceville") in Alabama.

Defendant filed a pro se motion for compassionate release due to the spread of the COVID-19 virus. ECF Nos. 506 and 507. Because court employees were unable to access the mail, the motion was docketed on June 23, 2020, but in accordance with 20-AO-26, the postmark date of April 17, 2020, was used for the filing date. On July 7, 2020, Plaintiff, the United States of America (the "Government"), filed a response to Defendant's motion for compassionate release. ECF No. 511. On August 13, 2020, Defendant moved this Court for an extension of the time to file a reply

brief, and sought discovery of certain records, and appointment of counsel. ECF No. 512. For the reasons set forth below, Defendant's motion for compassionate release and her motion for an extension of the time to reply, discovery, and appointment of counsel will be denied with prejudice.

## I.

Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted her administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

## A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust her administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). The parties here dispute exhaustion. Defendant, for her part, provides a typed letter addressed to the warden wherein she discusses numerous grounds for compassionate release, specifically, her rehabilitation, poor health, and mistreatment by prison officials. ECF No. 507 at PageID.4206-07. The letter is dated "February 24, 2019." *Id.* at PageID.4206. However, the year "2019" is crossed-out and the date "2020" is handwritten above. *Id.* There is no evidence the BOP responded to the letter. ECF No. 506 at PageID.4120. The Government suggests that this alteration, along with the letter's omission of any reference to COVID-19 pandemic, demonstrates that the letter was in fact sent in 2019, not 2020. ECF No. 511 at PageID.4223. The Government therefore argues that Defendant has not exhausted her administrative remedies, at least with respect to COVID-19. *Id.* at PageID.4223-25.

The Government's argument regarding the alteration is unpersuasive. While Defendant omits any mention of COVID-19 in her letter, the letter plainly states that Defendant first sought compassionate release in "May 2019." ECF No. 507 at PageID.4206. Defendant, therefore, could not have sent her request on February 24, 2019, as the Government suggests. The most likely explanation for the alteration is that Defendant mistyped the date. However, the first recorded case of COVID-19 in the United States was reported only a month before Defendant's letter, on January 20, 2020. *First Travel-Related Case of 2019 Novel Coronavirus Detected in United States*, CDC (Jan. 21, 2020), https://www.cdc.gov/media/releases/2020/p0121-novel-coronavirus-travel-case.html. The first death in a BOP facility was reported on March 28, 2020. *Prisoner Serving Time for Drug Charge is First U.S. Inmate to Die from COVID-19,* REUTERS (March 28, 2020),

https://www.reuters.com/article/us-heath-coronavirus-prison-death/prisoner-serving-time-for-drug-charge-is-first-u-s-inmate-to-die-from-covid-19-idUSKBN21G04T. As a result, even if Defendant sent the letter as represented, the BOP may not have known that her grounds for relief included COVID-19. *See United States v. Asmar*, No. 18-20668, 2020 WL 3163056, at *3 (E.D. Mich. June 5, 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request . . . .").

Accordingly, this case presents an unresolved issue of exhaustion that has both factual and legal dimensions. However, the Court need not make an exhaustion finding because, as explained in Sections I.B. and I.C. below, compassionate release is unwarranted for other reasons. Further, the Government largely concedes exhaustion with respect to every alleged ground except COVID-19. ECF No. 511 at PageID.4223-25. Accordingly, it will be presumed that Defendant has exhausted her administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

>   (4) the kinds of sentence and the sentencing range established for--
>
>>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
>   (5) any pertinent policy statement…
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offenses include one count of conspiracy to commit access device fraud, one count of bank fraud, two counts of wire fraud, and seven counts of aiding and abetting unlawful activity under the Travel Act. While Defendant's crimes were nonviolent, the damage she inflicted was severe. Defendant, through an international fraudulent scheme, trafficked the identities of innocent people and, in doing so, imposed grave distress, humiliation, and financial burden. For her crimes, Defendant was ordered to pay $2,179,585.16 in restitution and serve a 195-month custodial sentence. ECF No. 436.

Defendant alleges that she has been rehabilitated and now accepts responsibility for her crimes. ECF No. 506 at PageID.4107 ("[Defendant] does not seek to minimize her crimes nor does she dispute the severity of them. [She] has expressed remorse . . . ."). In support, Defendant offers various documentary evidence, primarily character letters. ECF No. 507 at PageID.4175-83. Just a few pages after she argues she has been rehabilitated, however, Defendant argues that her restitution amount was "severely inflated," and describes her sentence as "unnecessary" and "draconian."[1] ECF No. 506 at PageID.4117. Defendant further suggests that the Government's evidence against her in the sentencing phase was unreliable and inadequate. *Id.* at PageID.4117. Defendant will not be permitted to relitigate the underlying offenses on a motion for compassionate

---

[1] Defendant claims to have "recently discovered evidence of her restitution amount being severely inflated" but only seems to attack the sufficiency of the Government's evidence. ECF No. 506 at PageID.4117.

- 5 -

release.[2] Additionally, Defendant has been disciplined twice during her incarceration for misusing the facility email to communicate with a prisoner in another prison, infractions that she acknowledges but describes as "minor." ECF No. 506 at PageID.4112; ECF No. 511-1.

Defendant has a projected release date of July 19, 2023, and her full-term expires on October 19, 2025. ECF No. 511 at PageID.4221-22. Despite her time-served, a significant portion of Defendant's 195-month custodial sentence remains, as well as substantial restitution in the amount of $2,179,585.16. Further, Defendant's representations regarding her sentencing and criminal involvement, as well as her custodial infractions, belie her reliance on rehabilitation and remorse. Additionally, as explained below in Section I.C.2., Defendant poses a danger to others and the community based on her previous role as the leader of an international conspiracy to traffic identities and defraud financial institutions and their customers. Therefore, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

## C.

The next inquiries to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…

---

[2] Regarding her "inflated" restitution allegation, Defendant requests that this Court appoint counsel, schedule an oral argument, and allow her to subpoena allegedly relevant records. ECF No. 506 at PageID.4117-18. Defendant identifies no legal basis for any of these requests. This Court will not permit her to relitigate the evidence against her on a motion for compassionate release.

- 6 -

>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, she has failed to demonstrate that she is not a danger to the safety of others.

### 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is--
>
>     (I) suffering from a serious physical or medical condition,
>
>     (II) suffering from a serious functional or cognitive impairment, or
>
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

- 8 -

    (C) Family Circumstances.--

        (i)       The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)      The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant argues that the spread of COVID-19 throughout the nation qualifies as an extraordinary and compelling circumstance. ECF No. 506 at PageID.4119. However, she does not explain how her argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered extraordinary and compelling in the context of public health, Defendant has not explained how COVID-19 is extraordinary and compelling in the specific context of U.S.S.G. § 1B1.13. She identifies COVID-19 as a health threat given the behavior of some inmates and the conditions at FCI Aliceville, but the U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness.

Defendant's situation does not qualify as "extraordinary and compelling" under subsection (A) of the policy statement commentary. Defendant represents that she is diagnosed with high grade squamous intraepithelial lesion, human papilloma virus ("HPV"), and uterine and cervical fibroids. ECF No. 506 at PageID.4110. According to Defendant, her conditions cause several symptoms, including excessive bleeding, lower back pain, and constipation. *Id.* Defendant's HPV could also cause cervical cancer. *Id.* Defendant, however, does not represent that her conditions

constitute a terminal illness. Nor does she contend that her conditions substantially diminish her ability to provide self-care within FPC Aliceville.[3]

Defendant, in fact, acknowledges that she has received prescription treatment and disease screening—which identified her conditions—and was also scheduled to receive surgery in 2019 but she refused. ECF No. 506 at PageID.4110-11. Defendant contends that she refused surgery because the doctor advised her that it could result in a 14- to 16-inch scar on her abdomen and because she was "shocked at [his] unprofessionalism." *Id.* at PageID.4111. Regardless of her opinion of the surgery or treating physician, Defendant acknowledges her continued treatment, and this Court will not grant compassionate release because she refuses surgery or other treatment for conditions that fall outside the scope of U.S.S.G. § 1B1.13.[4] Further, even if Defendant's health conditions put her at a higher risk of contracting or experiencing symptoms from COVID-19, the "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020).

Defendant's situation does not qualify as "extraordinary and compelling" under subsection (B) of the policy statement commentary because she is 53 years old. Additionally, she does not qualify under subsection (C) because she is not seeking release in order to care for a spouse or

---

[3] Defendant also alleges a number of age-related ailments, including low potassium, arthritis, and hypertension. ECF No. 506 at PageID.4111. Defendant states that these conditions have adversely affected her quality of life and make ordinary tasks, like tying her shoes, painful. *Id.* Even so, Defendant has failed to show that any of these ailments fall within U.S.S.G. § 1B1.13.

[4] Defendant's reliance on the non-binding *United States v. Beck*, 425 F. Supp. 3d 573 (M.D.N.C. 2019), is misplaced. In *Beck*, a female prisoner housed at FCI Aliceville and diagnosed with breast cancer was granted compassionate release. Despite first impressions, this case and *Beck* are easily distinguishable. In *Beck*, the BOP had ignored the prisoner's breast cancer to such a degree that the court believed the cancer was potentially terminal. *Beck*, 425 F. Supp. 3d at 582-83. Indeed, the *Beck* court expressly found that "a sentence reduction [was] consistent with Subdivision A [of the commentary of the policy statement]." *Id.* at 583. Further, the underlying criminal conduct in *Beck* arose from the prisoner's methamphetamine addiction, and after her indictment, the prisoner quickly pled guilty and provided substantial assistance to authorities. *Id.* at 584-86.

child. Nevertheless, Defendant offers further miscellaneous reasons that she believes are "extraordinary and compelling": (1) her rehabilitation, (2) her trial counsel's ineffective assistance, (3) her severe mistreatment at FCI Aliceville, and (4) evidence undermining the Court's award of restitution.[5]

Defendant alleges that her "extraordinary degree" of rehabilitation constitutes a "extraordinary and compelling" reason for compassionate release. ECF No. 506 at PageID.4112. Laudable as it may be, Defendant's participation in correctional programming and other rehabilitative activities do not constitute "extraordinary and compelling" reasons within U.S.S.G. § 1B1.13. Further, as discussed in Section I.B. above, the Court has serious doubts regarding Defendant's sense of responsibility and remorse given her conflicting representations and custodial infractions.

Defendant is simply mistaken when she argues that her trial counsel's allegedly ineffective assistance at trial is an "extraordinary and compelling" reason for compassionate release. Ineffective assistance of counsel is not included among the "extraordinary and compelling" reasons for compassionate release. U.S.S.G. § 1B1.13. Further, this Court has rejected similar claims by Defendant in the past. *See United States v. Tragas*, No. 09-CR-20023-10, 2017 WL 2115680, at *1 (E.D. Mich. May 16, 2017) (rejecting numerous grounds for relief under 28 U.S.C. § 2255 predicated on the allegedly deficient performance of Defendant's trial counsel). Similarly, Defendant's contention that her alleged mistreatment at FCI Aliceville is a "extraordinary and compelling" reason for compassionate release is meritless. She alleges that on November 17, 2019, a male prison official "continuously peered at her private parts" while Defendant provided a urine

---

[5] It is somewhat unclear what Defendant intends to prove by including the argument regarding her restitution because, unlike other sections of her argument, she does not state how it fits into her request for compassionate release. The Court, nonetheless, construes it as an alleged "extraordinary and compelling" reason given that the restitution section is juxtaposed among sections purporting to offer such reasons. *See* ECF No. 506 at PageID.4117.

sample. ECF No. 506 at PageID.4117. Assuming this allegation is true, Defendant offers no reason to believe it would constitute an "extraordinary and compelling" reason under U.S.S.G. § 1B1.13. To the extent that Defendant believes her constitutional rights were violated, a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not the proper avenue for relief.

Defendant's final "extraordinary and compelling" reason is the "recently discovered" evidence purportedly showing that the restitution judgment against Defendant was "severely inflated." ECF No. 506 at PageID.4117. As discussed in Section I.B. above, this argument seems to be little more than a thinly veiled attempt to relitigate the underlying offense. Defendant identifies no recently discovered evidence, nor explains how such evidence would constitute a "extraordinary and compelling" reason for compassionate release. She simply attacks the reliability of the Government's evidence during trial. Accordingly, Defendant has not demonstrated "extraordinary and compelling" reasons supporting compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142. Consideration of the above factors supports the conclusion that Defendant would be a danger to others and the community if released. "The concern about safety is to be given a broader construction than the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). For decades, courts have recognized "that danger may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992).

While Defendant has no violent criminal history, the underlying criminal conduct here was nothing short of seriously destructive. According to her Revised Presentence Investigation Report, Defendant's fraudulent activities, which consumed the better part of a decade, inflicted millions of dollars in fraud losses upon financial institutions and more than 250 of their customers. Thus, even considering her age and evidence of rehabilitation, Defendant has failed to demonstrate that she would not be a danger to the community if released. Accordingly, Defendant's motion for compassionate release will be denied.

## II.

Defendant's motion for an extension of the time to file a reply brief, discovery of certain records, and appointment of counsel is predicated solely on her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 512. For the reasons discussed above, compassionate release is not warranted. Further, Defendant has identified no plausible legal basis for the requested extension, discovery, or the appointment of counsel. Even so, the Court will address each request in turn below.

**A.**

Defendant requests an extension for the time to file a reply brief so that she may "order, obtain, investigate, and prepare response [sic] for the Government's brief in opposition." ECF No. 512 at PageID.4234. Defendant cites no legal authority to support her request, and states only that an extension is necessitated by the "complex nature of the issues, the need to obtain more information, and the restrictions placed on inmates" as a result of COVID-19. *Id.* at PageID.4236. Defendant's motion for compassionate relief is comprised of a 16-page motion and over 80 pages of exhibits, including medical records, declarations, and secondary materials. ECF Nos. 506 and 507. Defendant's failure to prevail here is not for a lack of briefing. Moreover, arguments "surfacing only in [a] reply brief" are deemed waived. *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990). Far more than 14 days have passed since the Government's response on July 7, 2020, and no reply brief from Defendant has been received. Finding no reason for further briefing, the Court will deny Defendant's request for an extension of the time to file a reply brief.

**B.**

Defendant also requests discovery of "transcripts and discovery items," "specifically those that pertain to the Government brief." ECF No. 512 at PageID.4237. According to Defendant, the need for such records became "apparent" upon her review of the Government's brief. *Id.* However, the Government's brief comprises only 16 pages, including one exhibit: Defendant's disciplinary record that she previously acknowledged. ECF No. 506 at PageID.4112; ECF No. 511-1. The Government's brief at times refers to entries on the docket, but Defendant has not shown that she has no access to such entries and, in fact, refers to them in her own brief. ECF No. 506 at PageID.4107 (citing docket numbers during her statement of procedural history).

While the Government's brief does refer to Defendant's medical records, which are not before the Court, Defendant cannot claim any necessity to these records for purposes of replying to the Government's brief. The Court has, wherever relevant to this decision, assumed that Defendant's representations regarding her medical conditions are true. Further, Defendant's reliance on *Brady v. Maryland*, 373 U.S. 83 (1963), is mistaken. The records sought are probably not material and exculpatory, and nothing in Supreme Court precedent "suggests that the prosecutor's obligation to disclose *Brady* material before trial continues after the defendant is convicted and the case is closed." *Gavitt v. Born*, 835 F.3d 623, 648 (6th Cir. 2016). For these reasons, the Court will deny Defendant's request for discovery.

### C.

Defendant further requests that this Court appoint counsel for assistance in the preparation of her reply brief. ECF No. 512 at PageID.4236-37. Defendant again cites the "complex nature of the grounds" as her rationale. The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, could not obtain a lawyer on her own, and would have a reasonable chance of winning without the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

A motion for compassionate release does not entail complex issues of law or fact that would prevent Defendant from prevailing without the assistance of an attorney. Indeed, Defendant's lengthy and well-documented motion for compassionate release, as well as her own acknowledged experience with legal writing, demonstrate quite the opposite. The reason Defendant will not prevail on her motion for compassionate release has nothing to do with her pro se representation. Rather, Defendant's motion will be denied because the objective, material circumstances at issue demonstrate that compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is unwarranted.

### III.

Accordingly, Defendant Joanne Tragas' Motion for Compassionate Release, ECF Nos. 506 and 507, is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that Defendant Joanne Tragas' Motion for Extension of Time, Appointment of Counsel, and Order of Transcripts and Discovery, ECF No. 512, is **DENIED**.

Dated: August 27, 2020                                         s/Thomas L. Ludington
                                                                                THOMAS L. LUDINGTON
                                                                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Joanne Tragas** #51090-018, Federal Correctional Institution, P.O. Box 4000, Aliceville, AL 35442 by  first class U.S. mail on August 27, 2020.

                                                                                s/Kelly Winslow
                                                                                KELLY WINSLOW, Case Manager